RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 15 2015

Abel Acosta, Clerk

1354-14

ORAL ARGUMENT
NOT Requested

ORIGINAL C.O.A. CASE NO. 12-13-00126-CR
PD-1354-14

IN THE
Court of Criminal Appeals of TEXAS
AUSTIN, TEXAS

CHESTER ALAN STAPLES, Appellant
VS.
THE STATE OF TEXAS, Appellee

FILED IN
COURT OF CRIMINAL APPEALS

JAN 23 2015

Abel Acosta, Clerk

APPELLANT'S BRIEF
on
PETITION for DISCRETIONARY REVIEW
on the APPEAL from the
3rd Judicial District Court of
Anderson County, Texas
(Trial Court No. 30979)
Pam FOSTER Fletcher, Judge Presiding

CHESTER ALAN STAPLES
TDCJ-ID #01853049
Estelle Unit, 264 F.M. 3478, Huntsville, Tx.77320
Appellant Pro-se Petitioner

1 OF 14

# 1.

## IDENTITIES OF PARTIES AND COUNSEL

Judge Presiding: PAM FOSTER FLETCHER
Anderson County Court House
Palestine, Texas 75801

For the STATE at TRIAL: Doug Lowe TBC #12622400
DISTRICT Attorney
Stanley Sokolowski
TBC #00794671
Asst. District Attorney
Anderson County Court House
Palestine, Texas 75801

For the Defendant at Trial: Melvin Whitaker TBC #21279000
Stewart Whitaker TBC #00786341
P.O. Box 2288 Palestine, Texas 75801

For the Defendant on Appeal: Wm. M. House, JR. TBC #0045000
800 N. CHURCH
P.O. Box 1486
Palestine, Texas 75801

# TABLE of CONTENTS

Identity of Judge, Parties, and Counsel.      2

Table of Contents      3

Index of Authorities

Statement regarding Oral Argument      6,7

Statement of the Case      4

STATEMENT of Procedural History      5

Grounds for Review      5

Argument      8, 9, 10, 11, 12, 13

Prayer for Relief      14

Appendix      (included)    Last (7 pages)

## STATEMENT Regarding Oral Argument

Oral argument is not Necessary, therefore waived. It is very obvious that defendant was not adequately represented at trial. Defendant and Appellant are one and the same through out Petition.

## STATEMENT of the Case

On July 12, 2012 Appellant was indicted for 1 count of murder and one Count of Unlawful Possession of Firearm by a Felon. Trial began with Voir Dire on April 8, 2013 and on April 11, 2013, the jury found Appellant guilty of both counts. On April 12, 2013, the jury returned a verdict of 55 years confinement in the Texas Department of Criminal Justice on Count 1 and 50 years Confinement on Count 2. (CR p.58)

Timely notice of Appeal was given to the Court,

## STATEMENT of Procedural History

In the Court of Appeals, Twelfth Court of Appeals District Tyler, Texas Opinion delivered September 17, 2014. No motion for rehearing was filed.

## GROUNDS FOR REVIEW

Ineffective assistance of Counsel.    #1

ERRONEOUS CHARGE of THE COURT.    #2

Incomplete CHARGE of THE COURT.    #3

Plain ERROR "Fundamental ERROR"    #4

# Index of Authorities

ABDNOR VS. STATE 871 SW 2d 726 (1994)

ARMSTRONG VS. STATE 653 SW 2d 810 (TX. CRIM. APP. 1983)

TEX. CRIM. APP. 1992 KEY 38
VERNONS TEX. CODE ANN. P.C. § 9.02,
9.22, 12.42, 12.43, 46.05

Booth VS. STATE 679 SW 2d 498

Smith VS. STATE 676 SW 2d 584-87 (TEX. CRIM. APP. 1984)

United STATES ex rel. Barnard VS Lane
819 F. 2d 798 (7th Cir. 1987)

Prou VS. United STATES 199 F 3d 37, 48
(1st Cir. 1999)

United STATES VS. Mooney 497 3d 397
(4th Cir. 2007

Young VS. STATE 530 SW 2d 120 (TEX. CRIM. APP. 1975

# Index of Authorities    Cont.

VERNONS TEX CODE ANN.
  Ch. 8.02    N. 8 Counsel

Penal Code    9.31   N. 136 , 154

# ARGUMENT

The Trial Court committed reversible error in failing to grant Appellant's request for Penal Code 9.22, Necessity Defense in the court's charge at Guilt/Innocence. Being very harmful to Appellant, and grossly changing outcome of Trial.

This is clearly a violation of the 14th Admendment, a Constitutional Right. Prohibiting the STATE from denying due process and equal protection and from abridging the privileges and immunities of U.S. Citizenship.

Abdnor V. STATE 871 sw 2d 726
Evidence > Inferences > Presumptions

There is a presumption that the jury will properly consider evidence when correctly instructed by the trial judge. Conversely, where no instruction is given, the court cannot follow the presumption that the jury properly considered the evidence at Trial.

Armstrong V. STATE 653 sw 2d 810; 1983 Tex. Crim. App. Appellant sought review of conviction of carring a handgun. {658 sw 2d 811} It should have been up to the jury to determine whether to believe appellants Testimony, and if the Testimony was believed; whether the circum-

stances meet the criteria of P.C. 9.22

TEX. CRIM. App. 1992   Key 38

Justification of necessity is not excluded as a defense to the offense of possession of a firearm by a felon, nor has it been excluded as a defense when an offense is enhanced.

V.T.C.A.   P.C. § 9.02, 9.22, 12.42, 12.43, 46.05.

Booth V. STATE 679 SW 2d 498

The trier of fact has the sole responsibility to decide whether to except or reject a defensive theory. To acquit, the jury only needed to find a reasonable doubt as to whether appellants actions where justified.

Futhermore: CHARGE of the Court is incomplete. Creating Egregious harm, a fundamental error depriving Appellant of fair and impartial trial. Page 4, section 5, paragraph 1, informs jury that self-defense may be considered. There is no complete instruction on self-defense through out the entire Charge of the Court. Therefore jury was deprived of the appropriate evaluation of self-defense, because it was not explained to them in full.

Young V. STATE, 530 SW 2d 120 (TEX. Crim. App. 1975. IT WAS STATED:

It is well settled that if the court's instruction limits the accused's right of self-defense by a charge on provoking the difficulty, then the jury should be advised in the proper instruction under the facts that accused's right of self-defense would not necessarily be abridged by the fact that he carried arms to the scene of the difficulty if such instruction is supported by the evidence.

In not providing proper instruction Appellant's Constitutional Rights have been violated. That being the 14th Admendment. Producing Egregious Harm, and affecting the outcome of trial.

Penal Code 9.31 NOTE 136

One who arms himself, fearing danger, and seeks explanation in proper case, has right to have jury told fact that he did so arm himself would not deprive him of right of self-defense.

Right To Carry Weapons: Note 154 (P.C.) When trial court has charged jury on provoking the difficulty, trial court must give charge on defendants right to arm himself and seek discussion or explanation of difficulty (923 SW 2d 749)

Ineffective Assistance of Counsel is also brought to the attention of the Court. Bringing about very Egreglius harm to the appellant, and changing outcome of trial.

V.T.A.C.     Chapter 8.02
N. 8   Counsel
IF evidence is presented to raise an issue. Counsel should request instruction.

Smith V. STATE 676 sw2d 584-87 (TEx. Crim. App. 1984) Self-defense may be raised by the testimony of other witnesses describing the circumstances of the alledged offense. A defendant is entitled to an affirmative defensive instruction on every issue raised by the evidence, regardless of whether the proof is strong and unimpeached, or feeble and contradicted, even if the trial court is of the opinion the testimony is not entitled to belief.

Harm to Third Person not requested by Counsel. Therefore, I. A. C.
Criminal Law + Procedure > Defences > Necessity "Harm", in the Context of the defense of Necessity, includes harm to a third person whose welfare a defendant is interested.

<Riminal Law + Procedure >Trials> Defendants Rights>
Right To Due Process.

The right to present a defense is a fundamental element of due process.

United STATES ex rel. Barnard V. Lane
819 F. 2d 798 (7ᵗʰ Cir. 1987)
Counsels failure to request jury instruction on lessor included offences in murder prosecution was ineffective assistance.

Prou V. United STATES 199 F. 3d 37, 48 (1ˢᵗ Cir. 1999)
When an attorney fails to raise an important obvious defense without any imaginable STRategic or tactical reason for the omission, his performance falls below the standard of proficient representation that the CONSTITUTION demands.

Counsel for Appellant did not request any dfensive instruction, other than Necessity. Therefore ineffective assistance and very harmful to appellant. Violating the 14ᵗʰ amendment and affecting the outcome of the trial.

United STATES V. Mooney 497 3d 397
(4ᵗʰ Cir. 2007)

Ineffective assistance of Counsel, where Counsel failed to advise defendant of innocent possession defense to felon in possession of firearm charge.

Appellant was not advised of innocent possession of firearm by a felon as a defense, a violation of the 14th amendment, and very harmful, affecting the outcome of the trial.

# PRAYER

Wherefore, Premises Considered, Appellant prays that the Court of Criminal Appeals reverse the decision of the Court of Appeals and remand this matter for a new trial.

Respectfully Submitted,

Chester A. Staples

CHESTER ALAN STAPLES
Appellant, pro-se
TDCJ-ID #01853049
264 FM 3478
Huntsville, Tx. 77320-3320

# NO. 12-13-00126-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHESTER ALAN STAPLES,* *APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Chester Alan Staples appeals his convictions for murder and unlawful possession of a firearm, for which he was assessed sentences of imprisonment for fifty-five years and fifty years, respectively. Appellant raises one issue challenging the trial court's refusal to submit a jury instruction on the defense of necessity. We affirm.

## BACKGROUND

Appellant was charged by indictment with murder and unlawful possession of a firearm and pleaded "not guilty." The matter proceeded to a jury trial.

The evidence at trial showed that on May 25, 2010, Appellant went to the home of the victim, Tracey Polley, to retrieve a lawn mower that he had sold Polley and for which he had received only partial payment. The two had previously argued about the mower over the phone, and Polley told Appellant that he would shoot him if he came to get it. Appellant, a convicted felon, obtained a handgun before going to the residence.

As Appellant was preparing to load the mower, Polley came out of the house with a loaded handgun. After a brief argument outside the residence, the two men opened fire on each other. Appellant was shot through the hand and in the eye. Polley was shot five times and died before paramedics arrived. The evidence is conflicting as to who fired first.

The trial court's jury charge included an instruction on self-defense. Appellant requested an additional instruction on the defense of necessity, but the trial court denied his request. Ultimately, the jury found Appellant "guilty" of murder and unlawful possession of a firearm. The jury assessed his punishment at imprisonment for fifty-five years and fifty years, respectively. This appeal followed.

## NECESSITY DEFENSE

In his sole issue, Appellant argues that the trial court erred in refusing to submit a jury instruction on the defense of necessity. The State disagrees, contending that Appellant is not entitled to an instruction on the defense because the harm was not imminent when he armed himself with the firearm, and because he placed himself in a dangerous situation.

### Standard of Review

"A defendant is entitled to an instruction on every defensive issue raised by the evidence, regardless of whether the evidence is strong, feeble, unimpeached, or contradicted, and even when the trial court thinks that the testimony is not worthy of belief." *Walters v. State*, 247 S.W.3d 204, 209 (Tex. Crim. App. 2007). "This rule is designed to insure that the jury, not the judge, will decide the relative credibility of the evidence." *Granger v. State*, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999). To raise a defensive issue, the evidence must raise each element of the defense. *Stefanoff v. State*, 78 S.W.3d 496, 499 (Tex. App.–Austin 2002, pet. ref'd). "If evidence is such that a rational juror could accept it as sufficient to prove a defensive element, then it is said to 'raise' that element." *Id.*

"When evidence from any source raises a defensive issue, and the defendant properly requests a jury charge on that issue, the trial court must submit the issue to the jury." *Muniz v. State*, 851 S.W.2d 238, 254 (Tex. Crim. App. 1993). "Thus, if the issue is raised by any party, refusal to submit the requested instruction is an abuse of discretion." *Darty v. State*, 994 S.W.2d 215, 218 (Tex. App.–San Antonio 1999, pet. ref'd). When reviewing a trial court's refusal to submit a defensive instruction, we view the evidence in the light most favorable to the requested instruction. *Bufkin v. State*, 207 S.W.3d 779, 782 (Tex. Crim. App. 2006).

### Applicable Law

The Texas Penal Code provides that

2

> [c]onduct is justified if:
> (1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm;
> (2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct; and
> (3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear.

TEX. PENAL CODE ANN. § 9.22 (West 2011). "The requirements of subsections 9.22(1) and (2) must be satisfied by evidence, while subsection (3) presents a question of law." *Pennington v. State*, 54 S.W.3d 852, 857 (Tex. App.–Fort Worth 2001, pet. ref'd). Additionally, "a defendant must admit to the conduct—the act and the culpable mental state—of the charged offense to be entitled to a necessity instruction." *Juarez v. State*, 308 S.W.3d 398, 399 (Tex. Crim. App. 2010).

### Reasonable Belief of Immediate Necessity to Avoid Imminent Harm

A "reasonable belief" is one "that would be held by an ordinary and prudent man in the same circumstances as the actor." TEX. PENAL CODE ANN. § 1.07(a)(42) (West Supp. 2013). "'Imminent' means something that is impending, not pending; something that is on the point of happening, not about to happen." *Pennington*, 54 S.W.3d at 857. "Harm is imminent when there is an emergency situation and it is 'immediately necessary' to avoid that harm." *Id.* "In other words, a split-second decision is required without time to consider the law." *Id.*

"Evidence of a generalized fear of harm is not sufficient to raise the issue of imminent harm." *Brazelton v. State*, 947 S.W.2d 644, 648 (Tex. App.–Fort Worth 1997, no pet.). If undisputed facts indicate a complete absence of immediate necessity or imminent harm, then a defendant's belief that his conduct is immediately necessary to avoid imminent harm is unreasonable as a matter of law. *Dewalt v. State*, 307 S.W.3d 437, 454 (Tex. App.–Austin 2010, pet. ref'd).

The evidence shows that Polley threatened to shoot Appellant if he came for the lawn mower. Appellant then obtained a gun and took it to Polley's house. Based on Polley's threat, Appellant may have reasonably had a generalized fear of future harm, but the undisputed facts show a complete absence of immediate necessity and imminent harm at the time he obtained the gun and took it to Polley's house. Therefore, any belief of Appellant that these actions were immediately necessary to avoid imminent harm was unreasonable as a matter of law. *See Miller v. State*, No. 02-11-00155-CR, 2013 WL 362792, at *8 (Tex. App.–Fort Worth Jan. 31, 2013,

3

pet. ref'd) (mem. op., not designated for publication) (no imminent harm where appellant carried firearm into bar because he feared bouncer had been involved in robbery of his girlfriend), *cert. denied*, 134 S. Ct. 640, 187 L. Ed. 2d 420 (2013). Thus, the evidence does not raise the first element of the necessity defense in regard to the offense of unlawful possession of a firearm by a felon.

The evidence further shows that when Appellant arrived at Polley's house, he backed a trailer up to the lawn mower he had sold Polley. Polley then came out and got close enough to Appellant to strike him with either his fist or his gun. Then, according to Appellant, his father, and his girlfriend, Polley shot Appellant in the face, and Appellant returned fire. According to Polley's housemate, on the other hand, Polley only hit Appellant and knocked him to the ground before Appellant started shooting.

While some of the evidence is conflicting, we conclude that a rational juror could accept the evidence as sufficient to prove that Appellant reasonably believed shooting Polley was immediately necessary to avoid the imminent harm of being shot again. Therefore, the evidence raises the first element of the necessity defense in regard to the offense of murder.

### Balancing of Harm to be Avoided and Harm Intended to be Prevented by Statute

To raise the second element of the necessity defense, evidence in the record must show that "the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct." TEX. PENAL CODE ANN. § 9.22(2). In other words, there must be evidence that the harm the defendant sought to avoid was greater than the harm caused by his conduct. *See Mays v. State*, 318 S.W.3d 368, 385 (Tex. Crim. App. 2010). The obvious intent of section 9.22(2) is "to facilitate the desired balancing of harms on a case-by-case basis." *Williams v. State*, 630 S.W.2d 640, 643 n.2 (Tex. Crim. App. 1982). "Ordinary standards of reasonableness" may be defined as the standards that an ordinary and prudent person would apply to the circumstances that the actor faced." *Id.* at 643.

When the evidence at trial raises the first element of the necessity defense, but fails to raise the second, the trial court does not err in denying a defendant's claim to the defense. *See Rios v. State*, 1 S.W.3d 135 (Tex. App.–Tyler 1999, pet. ref'd); *Shugart v. State*, 32 S.W.3d 355, 364 (Tex. App.–Waco 2000, pet. ref'd). In *Rios*, the appellant testified that he possessed a deadly weapon in prison because he had been attacked and threatened repeatedly and needed

4

immediate protection from further imminent attack. *Rios*, 1 S.W.3d at 136-37. We concluded that the evidence was adequate to establish the first element of the necessity defense. *Id.* at 137. However, regarding the second element, we noted that by banning deadly weapons in prison, the legislature intended to protect all inmates and prison employees, and that appellant did not show how his safety clearly outweighed that of the other inmates and employees. *Id.* Accordingly, we held that the trial court did not abuse its discretion by excluding evidence of the necessity defense. *Id.* at 137-38.

As in *Rios*, the evidence in this case raises the first element of the necessity defense in regard to the offense of murder, but it fails to raise the second. The second element required a showing that the harm Appellant avoided by his conduct—his own death—clearly outweighed the harm the legislature sought to prevent by enacting the murder statute—in this case, Polley's death.

In the light most favorable to Appellant, the evidence shows that Appellant, a convicted felon, sold a lawn mower to Polley, a landscaper and crack cocaine dealer. The mower had recently been stolen from a local prison ministry where the estranged wife of one of Appellant's friends worked. When the friend's wife discovered that the mower was missing, she asked her husband where it was. In response, he said something like, "that Chet," which led her to believe that Appellant was involved in the theft. She then confronted Appellant about the missing mower, but Appellant denied any involvement.

At the time, Polley had not fully paid Appellant for the mower, and Appellant decided to get the mower back. The two men argued over the phone, and Polley threatened to shoot Appellant if he tried to retrieve the mower. Appellant obtained a handgun, went to Polley's home with a truck and trailer, and backed the trailer up to the lawn mower. Polley came out of the house with a gun and approached Appellant. The two men argued briefly, and then Polley hit Appellant in the face and shot him in the hand and eye. To protect himself from being shot again, Appellant fired back, shooting Polley five times and killing him.

We have carefully reviewed the record for any evidence that would support a rational juror's conclusion that the harm Appellant avoided clearly outweighed the harm he inflicted. Appellant suggests no reason on appeal why his own death would have been a greater harm than Polley's, and we find no evidence in the record to support such a conclusion. Therefore, we

5

conclude that the evidence does not raise the second element required to raise the defensive issue of necessity in regard to the offense of murder.

Because we have concluded under the first and second elements that Appellant is not entitled to an instruction on the necessity defense, we need not consider the third element, whether a legislative purpose to exclude the defense exists. *See* TEX. R. APP. P. 47.1.

## Conclusion

The trial court did not abuse its discretion in refusing to submit a jury instruction on the necessity defense. Regarding the offense of unlawful possession of a firearm, there is no evidence raising the first element of the defense because there was no imminent harm to be avoided when Appellant armed himself with the gun. Regarding the offense of murder, there is no evidence raising the second element of the defense, that the harm sought to be avoided clearly outweighed the legislative intent in establishing the offense. Therefore, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

BRIAN HOYLE
Justice

Opinion delivered September 17, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### SEPTEMBER 17, 2014

### NO. 12-13-00126-CR

**CHESTER ALAN STAPLES,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd District Court

of Anderson County, Texas (Tr.Ct.No. 30979)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*